IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>P. COVELLO, et al.,<br><br>         Defendants. | No.  2:21-CV-1605-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On January 11, 2022, the District Judge issued an order denying Plaintiff's motion for leave to proceed in forma pauperis and directing Plaintiff to pay the filing fees within 30 days.  See ECF No. 17.  On February 15, 2022, the Court granted Plaintiff a 30-day extension of time.  See ECF No. 20.  To date, despite warnings throughout the case regarding the consequences of the failure to comply with the Court's orders, Plaintiff has not paid the filing fees for this action as directed.

      The Court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Plaintiff's failure to pay the filing fees for this case as directed by the District Judge, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that:

1.  This action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

2.  Plaintiff's motion to cure discrepancies in his complaint, ECF No. 14, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 21, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE